IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PAUL TASH,

    Petitioner,

  v.

BEN CURRY, Warden,

    Respondent.
                               /

No. C 05-2417 CW (PR)

ORDER DENYING IN PART RESPONDENT'S APPLICATION FOR STAY

Respondent requests an expedited ruling on his application for a stay, pursuant to Federal Rule of Civil Procedure 62(c), of the Court's August 27, 2008 Order Granting Habeas Petition. Petitioner opposes the application.

Respondent also filed the same application for a stay in the Ninth Circuit Court of Appeals. The Ninth Circuit has granted a temporary stay of the August 27, 2008 Order pending this Court's ruling on the motion to stay. See Tash v. Kane, No. 08-17150, slip op. at 1 (9th Cir. Oct. 28, 2008).

Having considered all the papers filed by the parties, the Court DENIES IN PART Respondent's application for a stay.

BACKGROUND

On June 15, 2005, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based upon Governor Arnold Schwarzenegger's reversal of the decision by the Board of Parole Hearings (Board)[1] finding Petitioner suitable for parole.

---

[1] The Board of Prison Terms was abolished effective July 1, 2005, and replaced with the Board of Parole Hearings. Cal. Penal Code § 5075(a).

The Court granted the petition and remanded this case to the Governor to vacate his reversal and to re-evaluate Petitioner's suitability for parole. In its analysis, the Court relied upon a number of Ninth Circuit cases to conclude, "In light of the extensive evidence of Petitioner's in-prison rehabilitation and exemplary behavior, the reliance on the unchanging facts of the murder to deny Petitioner parole for the tenth time -- twenty-two years into his minimum seventeen year sentence -- violated his right to due process." (Aug. 27, 2008 Order at 23.)

Respondent requests an expedited ruling on his application for a stay pending his appeal of the August 27, 2008 Order.

## LEGAL STANDARD

Rule 62(c) of the Federal Rules of Civil Procedure provides that "[w]hen an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal." The standard for granting a stay pending appeal is similar to that for a preliminary injunction. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). Thus, a party seeking a stay must show either (1) a likelihood of success on the merits of its appeal and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in its favor. Lands Council v. McNair, 494 F.3d 771, 775 (9th Cir. 2007). "These two alternatives are extremes of a single continuum in which the greater the relative hardship to the party seeking the [stay], the less probability of success must be shown." Id. (internal quotation marks omitted). In cases such as this one, the court

2

1  should also consider the effect on the public interest of granting
2  the stay.  Lopez, 713 F.2d at 1435.

## DISCUSSION

Respondent argues that a stay should be granted because he has a high likelihood of success on the merits "based on the Court's failure to appropriately apply the deferential standard of federal habeas review, and the erroneous application of the some-evidence test."  (Mot. to Stay at 3.)  As Respondent points out, these issues are before the en banc panel in Hayward v. Marshall, 527 F.3d 797 (2008), and resolution of these issues could impact this case.  However, in its August 27, 2008 Order, the Court relied upon other Ninth Circuit authority that continuous reliance on an immutable factor such as the commitment offense could violate due process.  See Biggs v. Terhune, 334 F.3d 910, 917 (9th Cir. 2003); Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006); Irons v. Carey, 505 F.3d 846, 850 (9th Cir. 2007).  Petitioner argues that if the stay is granted, he will suffer irreparable injury and Respondent will suffer none.  Petitioner may suffer irreparable injury if the Court's order is stayed.  If he is eventually granted parole as a result of this case, the delay in his release caused by a stay would be irreparable.  As stated in the August 27, 2008 Order:

> Petitioner was found not suitable at nine parole consideration hearings prior to 2004.  He was finally found suitable for parole at his tenth Board hearing, after he had been in custody for twenty-two years on his seventeen years to life sentence.  (He has now been in custody for more than twenty-five years.)  The Governor looked at the same evidence as the Board and reached the opposite conclusion.
>
> This case . . . is just the sort of case the Ninth Circuit envisioned in Biggs, Sass and Irons:  where the

3

>commitment offense is repeatedly relied on to deny parole notwithstanding the prisoner's exemplary behavior and evidence of rehabilitation since the commitment offense.

(Aug. 27, 2008 Order at 22-23.)  Respondent states that maintaining the status quo is necessary to preserve his right to a meaningful appeal, the safety of the public and principles of comity and federalism.  However, Respondent does not explain how he will be denied a meaningful appeal if the stay is granted.  He argues, "If this Court's order is not stayed, the appeal may become moot and the Governor will be left without a channel to challenge this Court's decision."  (Mot. to Stay at 6.)  His argument is unavailing.  While the Governor was ordered to vacate his reversal by October 26, 2008, the Court directed him, within thirty days thereafter, to "issue a new decision re-evaluating Petitioner's suitability for parole in accordance with the August 27, 2008 Order," or to "allow the Board's decision to stand."  (Aug. 27, 2008 Order at 26.)  Even if the Governor determined that the Board's parole grant should stand, Petitioner would not be released immediately.  The Board would have to set a parole date.  The Court will not stay its order directed to the Governor, but if the Governor does determine on consideration of this order that the Board's decision should stand, and the Board sets a release date, the Court will stay Petitioner's actual release for two weeks to allow Respondent again to request a stay, from this Court and if necessary from the Court of Appeals, of the release date pending appeal.  Thus, the safety of the public and principles of comity and federalism will not be affected.

Because Petitioner may suffer irreparable injury if the August 27, 2008 Order is stayed and Respondent will suffer no injury, and

4

because Respondent's likelihood of success on the merits is uncertain, the Court denies Respondent's application for a stay pending appeal, except as indicated above.

## CONCLUSION

For the foregoing reasons, Respondent's application for a stay pending appeal (docket no. 19) is DENIED IN PART.

This Order terminates Docket no. 19.

IT IS SO ORDERED.

DATED:  10/29/08             
                             _____
                             CLAUDIA WILKEN
                             United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

TASH,

        Plaintiff,

v.

KANE et al,

        Defendant.

Case Number: CV05-02417 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 29, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jessica N. Blonien
Attorney General's Office
for the State of California
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550

Paul R. Tash C-73850
P.O. Box 689
Soledad, CA 93960-0689

Dated: October 29, 2008

        Richard W. Wieking, Clerk
        By: Sheilah Cahill, Deputy Clerk